RECEIVED MAY 13 1999
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
MAY 13 1999
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ICEE DISTRIBUTORS, INC., | ) CV99-0850 S |
| Plaintiff, | ) JUDGE WALTER |
| v. | ) Civil Action No. |
| J & J SNACK FOODS CORP., and WAL-MART STORES, INC., | ) MAGISTRATE JUDGE PAYNE |
| Defendants. | ) JURY DEMANDED |

## ORIGINAL COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. This is an action arising under the federal trademark laws. Plaintiff seeks a permanent injunction, treble damages, an award of profits and attorneys fees.

### THE PARTIES

2. Plaintiff is ICEE Distributors, Inc., a Louisiana corporation with its principal place of business in Bossier City, Louisiana.

3. Defendant J & J Snack Foods Corp. is a New Jersey corporation having its principal place of business in Pennsauken, New Jersey. Defendant Wal-Mart Stores, Inc. is a Delaware Corporation licensed to do business in the State of Louisiana and having its principal place of business in Bentonville, Arkansas.



ORIGINAL COMPLAINT AND JURY DEMAND　　　　　　　　　　　　　　Page 1

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction under 28 U.S.C. §1331 and §1338.

5. Defendants have sufficient contacts with the State of Louisiana to warrant the exercise of general and specific personal jurisdiction by this Court. Defendants have the requisite minimum contacts with the State of Louisiana and this District, including, acting in consort, having placed the accused products in the stream of commerce through established distribution channels, knowing and reasonably anticipating Louisiana and this District were likely destinations of the products.

6. Venue is proper in this District and Division under 28 U.S.C. §1391(c).

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

7. Plaintiff and Defendant J & J Snack Foods are both licensees under the federally registered trademark "ICEE." The mark is registered for frozen carbonated soft drinks and equipment for making frozen carbonated soft drinks, and is the subject of the United States Trademark Registrations attached as Exhibits A and B. Plaintiff and Defendant J & J Snack Foods have different exclusive territories for the mark, Plaintiff's exclusive territory being most of Louisiana and Arkansas, and parts of Texas, Missouri, Alabama and Georgia. Plaintiff's exclusive territory by specific state and county is set forth in Exhibit C. Defendant J & J Snack Foods' exclusive territory is outside of Plaintiff's territory.

8. Plaintiff has invested substantial sums in promoting its ICEE® products in its territory. Plaintiff has built up substantial public recognition of its mark ICEE® as a result of these efforts, and Plaintiff considers the mark ICEE® be one of its most valuable assets.

9. Defendant J & J Snack Foods relatively recently began making and selling frozen ice cream and flavored ice confections bearing the ICEE® mark. Defendant Wal-Mart Stores, Inc. is selling the ICEE® frozen ice cream and flavored ice confections made by Defendant J & J Snack Foods at Sam's Club stores in Plaintiff's exclusive territory. Photographs of Defendants' product purchased at a Sam's Club store in Shreveport, Louisiana are attached as Exhibit D.

## COUNT I -- INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS

10. Defendant Wal-Mart's use of ICEE® for frozen ice cream and flavored ice confections within Plaintiff's exclusive territory infringes Plaintiff's rights in the federally registered mark ICEE®, giving rise to a cause of action under 15 U.S.C. §1114(1)(a). Defendant Wal-Mart's use of ICEE® within Plaintiff's exclusive territory is likely to cause confusion, mistake and deception as to the origin of the frozen ice cream and flavored ice confections, due the identical nature of the marks used and an overall similarity between frozen beverages and frozen ice cream and flavored ice confections. Defendant J & J Snack Foods is intentionally inducing Defendant Wal-Mart to infringe Plaintiff's rights in the trademark, by supplying and continuing to supply its product to Defendant Wal-Mart, whom it knows or has reason to know is engaging in trademark infringement by selling the product within Plaintiff's exclusive territory, and is therefore contributorily liable for Plaintiff's injury.

11. Plaintiff is suffering irreparable harm as a result of Defendants' infringement, for which permanent injunctive relief should issue. Plaintiff is also suffering damages, which should be trebled under 15 U.S.C. §1117. Due to the willful nature of the infringement, Plaintiff is entitled to an award of Defendants' profits and a reasonable attorney's fee under 15 U.S.C. §1117.

## COUNT II -- TRADEMARK DILUTION IN VIOLATION

## OF 15 U.S.C. § 1125(c)

12. Plaintiff realleges the allegations of Paragraphs 1-11 above.

13. Plaintiff's ICEE® mark is a famous and distinctive mark that is being diluted by the acts of Defendants in violation of 15 U.S.C. § 1125(c). Plaintiff is entitled to an injunction against further dilution by Defendants.

14. Defendants' acts were willfully intended to trade on the reputation of Plaintiff, and cause dilution of its mark, and Plaintiff is entitled to an award of treble damages under the provisions of 15 U.S.C. §§ 1125(c)(2) and 1117(a). This an exceptional case entitling Plaintiff to an award of attorney's fees under 15 U.S.C. §§ 1125(c)(2) and 1117(a).

15. Plaintiff is entitled to an accounting and award of all of Defendants' profits under 15 U.S.C. §§ 1125(c)(2) and 1117(a).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays:

A. That Defendants permanently enjoined from selling ICEE® products in Plaintiff's exclusive territory;

B. That Plaintiff be granted a judgment against Defendants for its damages, which damages should be trebled, and for Defendants' profits and a reasonable attorney's fee; and

C.   That Plaintiff be granted such other and further relief to which it may show itself entitled.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

Daniel V. Thompson
THOMPSON & HOWISON, L.L.P.
High Point Centre
12225 Greenville Ave., Suite 995
Dallas, TX  75243
(972) 479-0450    fax:

Jared Y. Evans
EVANS & ROGERS
One Bellemead Center - Suite 350
P.O. Box 5686
Shreveport, LA  71135
(318) 798-3100

ATTORNEYS FOR PLAINTIFF

Int. Cl.: 32

Prior U.S. Cl.: 45

**United States Patent and Trademark Office**  Reg. No. 1,707,099
Registered Aug. 11, 1992

## TRADEMARK
PRINCIPAL REGISTER

### ICEE

ICEE OF AMERICA, INC. (TEXAS CORPORATION)
3801 WINGREN ROAD
IRVING, TX 75062

FOR: CARBONATED SOFT DRINKS DISPENSED FROM DRINK DISPENSING MACHINES, IN CLASS 32 (U.S. CL. 45).

FIRST USE 2-16-1962; IN COMMERCE 2-16-1962.

OWNER OF U.S. REG. NOS. 845,226, 872,994, AND 1,035,725.

SER. NO. 74-217,704, FILED 11-1-1991.

MARK T. MULLEN, EXAMINING ATTORNEY

*§8&15 Accepted 10/10/97*
*No Assignments*

EXHIBIT A

# United States Patent Office

872,994
Registered July 15, 1969

## PRINCIPAL REGISTER
## Trademark

Ser. No. 261,226, filed Dec. 21, 1966

## ICEE

John E. Mitchell Company, Inc. (Missouri corporation)
3800 Commerce St.
Dallas, Tex.

For: REFRIGERATED DISPENSING MACHINES FOR BEVERAGES, in CLASS 31 (INT. CL. 11).
First use Aug. 25, 1960; in commerce Oct. 28, 1960.
Owner of Reg. No. 724,170.

G. R. LEADER, Examiner

First Renewal 7/15/89
R/F 0387\0732
0452\0013
1226\0323

EXHIBIT
B

EXCLUSIVE TERRITORY OF ICEE DISTRIBUTORS, INC.

The entire State of Louisiana excluding only the following Parishes:
Plaquemines, Jefferson, St. Bernard, St. Tammany, Washington & St. Charles.

The entire State of Arkansas excluding only the following Counties:
Benton, Carrol, Washington, Madison, Crawford, Franklin, Sebastian & Scott.

The following Counties in the State of Texas:
Bowie, Camp, Cass, Franklin, Gregg, Harrison, Henderson, Hopkins, Kaufman, Marion, Morris, Panola, Rains, Red River, Rusk, Smith, Titus, Upshur, Van Zandt, Wood, Sabine, San Augustine, Nacogdoches, Cherokee, Anderson, Freestone, Limestone, Houston, Angelina, Jasper & Newton.

The following Counties in the State of Missouri:
Dunklin, Pemiscot, New Madrid, Stoddard & Mississippi.

The following Counties in the State of Alabama:
Autauga, Bibb, Butler, Barbour, Bullock, Chilton, Clay, Calhoun, Cleburne, Chambers, Coosa, Coffee, Crenshaw, Covington, Dallas, Dale, Elmore, Fayette, Greene, Hale, Henry, Houston, Jefferson, Lamar, Lowndes, Lee, Marion, Marengo, Macon, Montgomery, Pickens, Perry, Pike, Randolph, Russell, Shelby, St. Clair, Tuscaloosa, Talladega, Tallapoosa, Winston, Walker & Wilcox.

The following Counties in the State of Georgia:
Seminole, Early, Clay, Stewart, Chattahoochee, Muscogee, Harris & Troup.

EXHIBIT C

EXHIBIT
C



EXHIBIT D





