IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
APR 11 2003
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

| | |
|---|---|
| ICEE DISTRIBUTORS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. CV 99-0850 S |
| ) | |
| J & J SNACK FOODS CORP., ) | |
| WAL-MART STORES, INC., and ) | JUDGE DONALD E. WALTER |
| ICEE OF AMERICA, INC. ) | |
| ) | MAGISTRATE JUDGE PAYNE |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE AND BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT
DISMISSING PLAINTIFF'S TRADEMARK INFRINGEMENT CLAIM**

Defendants J & J Snack Foods Corp. ("J & J"), Wal-Mart Stores, Inc. ("Wal-Mart"), and ICEE of America, Inc. ("IOA") respond to Plaintiff ICEE Distributors, Inc.'s ("Distributors") motion to reconsider the Court's partial summary judgment dismissing Distributors' trademark infringement claim. Nothing in the Fifth Circuit's recent decision renders this Court's ruling against Distributors' trademark infringement claim incorrect. Indeed, the Fifth Circuit's ruling against Distributors' trademark dilution claim supports the sound reasoning of this Court's prior decision and summary judgment order on trademark infringement.



DEFENDANTS' RESPONSE AND BRIEF
IN OPPOSITION TO PLAINTIFF'S MOTION
TO RECONSIDER PARTIAL SUMMARY JUDGMENT                                    Page 1

I. **This Court properly granted summary judgment dismissing Distributors' trademark infringement claim.**

This Court based its decision dismissing Distributors' trademark infringement claim on the fact that ICEE squeeze tubes are genuine goods bearing a genuine trademark, and therefore there could be no consumer confusion as to the source of the product—a necessary element of a trademark infringement claim. Mem. Ruling at 4-5. In reaching its decision, the Court relied on Fifth Circuit authority holding that "'trademark law does not apply to the sale of genuine goods bearing a true mark, even if the sale is without the mark owner's consent.'" *Id.* at 3, 4 (quoting *Matrix Essentials, Inc. v. Emporium Drug Mart, Inc. of Lafayette*, 988 F.2d 587, 590 (5th Cir. 1993)). IOA, not Distributors, owns all of the "ICEE" trademarks, as both this Court and the Fifth Circuit have held. Mem. Ruling at 4; Op. at 25, 26. Further, "[i]t is undisputed that the quality of the products sold by ICEE Distributors under the trademark 'ICEE' and the quality of the products sold by J & J through Wal-Mart under the trademark 'ICEE' is controlled by the same trademark owner, ICEE of America." Mem. Ruling at 4. Accordingly, Distributors has no claim for trademark infringement, and nothing in the Fifth Circuit's decision alters that result.

Whether or not a trademark owner gives its consent to use its trademark on a product, there can be no consumer confusion as to the source of the product so long as the product bears a genuine trademark. *Id.* at 3-4 (citing *Matrix Essentials*, 988 F.2d at 590). In this case, J & J had IOA's consent to use the mark on squeeze tubes through a license between the parties. *Id.* at 4-5. Although the Fifth Circuit affirmed that this license was in breach of IOA's license with Distributors for ICEE drinks, the Fifth Circuit determined that nothing in the ICEE drink license agreements prevented IOA from using the trademarks in any territories subject to those agreements, including the territory covered by Distributors' license agreement. Op. at 25.

Distributors appears to argue that because the Fifth Circuit upheld the injunction on the breach of contract theory, the squeeze tube license between IOA and J & J was ineffective to convey J & J rights to the squeeze tubes. Mot. at 3. Distributors apparently contends that IOA had no right to authorize the sale of squeeze tubes in Distributors' territory and such sales constitute infringement. *See id.* However, even if the license was ineffective, which Defendants dispute, Distributors still has no cause of action for trademark infringement. Trademark law does not apply to goods bearing a genuine trademark, regardless of whether the trademark owner consents to the sale of the goods or not. Mem. Ruling at 4 (citing *Matrix Essentials*, 988 F.2d at 590). It is undisputed that the ICEE trademark used on the squeeze tubes is a genuine mark, whether an effective license is in place or not. *See id.* at 4-5. As such, there can be no consumer confusion and thus no infringement. *Id.* at 5. Indeed, under the Fifth Circuit's decision, it appears that IOA could have sold the ICEE squeeze tubes directly; the Fifth Circuit merely concluded that IOA could not enter another license agreement. Op. at 25. Accordingly, the squeeze tubes do not infringe any mark. This Court's dismissal of Distributors' infringement claim was correct and should not be reconsidered.

## II. Conclusion and prayer.

This Court properly granted partial summary judgment in favor of J & J and Wal-Mart dismissing Distributors' trademark infringement claim. The Fifth Circuit's opinion on trademark dilution and contract issues supports this Court's decision on the infringement issue, as the Fifth Circuit recognized that IOA owns the "ICEE" trademarks and even retains rights to use them in the territory subject to Distributors' license agreement. While IOA's entry into the license for squeeze tubes with J & J may support a breach of contract theory, as found by the Fifth Circuit, it

does not support a trademark infringement claim. Accordingly, Defendants respectfully request the Court to deny Distributors' motion for reconsideration of partial summary judgment dismissing their infringement claim, enter final summary judgment in favor of J & J and Wal-Mart, and grant Defendants such other and further relief deemed just and proper.

Respectfully submitted,

Lisa S. Gallerano
Texas Bar No. 07589500
Jeffrey Goldfarb
Texas Bar No. 00793820
Heather L. Peckham
Texas Bar No. 24028995
AKIN, GUMP, STRAUSS,
 HAUER & FELD, L.L.P.
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201
(214) 969-2800
(214) 969-4343 (facsimile)

James C. McMichael, Jr.
State Bar No. 10443
MCMICHAEL, MEDLIN, WEIR
 & D'ANNA, L.L.C.
504 Texas Street, Suite 400
P.O. Box 72
Shreveport, LA 71161
(318) 221-1004
(318) 221-0008 (facsimile)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent to the following counsel of record by First Class U.S. Mail on this 11th day of April, 2003.

Daniel V. Thompson
Thompson & Gustavson, L.L.P.
9330 LBJ Freeway, Suite 1185
Dallas, Texas 75243

Cary A. Hilburn
Hilburn & Hilburn, P.C.
220 Carroll Street
Bldg. A, Suite 200
Shreveport, Louisiana 71105